PER CURIAM.
This disciplinary proceeding by The Florida Bar against Gerald E. Anderson, a member of The Florida Bar, is presently before us on complaint of The Florida Bar and report of referee. Pursuant to Florida Bar Integration Rule 11.06(9)(b), the referee’s report and record were duly filed with this court. No petition for review pursuant to Florida Bar Integration Rule 11.09(1) has been filed.
Having considered the pleadings and evidence, the referee found as follows:
1) In April, 1983, Respondent was charged in a four count indictment in United States District Court, Middle District of Florida, Orlando Division, Case No. 83-47-CR-ORL-ll. The indictment charged him with knowing, wilful and unlawful possession with intent to distribute approximately one kilogram of cocaine hydrochloride, and with distributing that amount on both December 29, 1982, and February 14, 1983, in Seminole County, Florida. Said charges are federal felonies under Title 21 of the United States Code.
2) In April, 1983, Respondent was also charged in a nine count indictment, along with others, in the United States District Court, Middle District of Florida, Orlando Division, Case No. 83-46-CR-ORL-ll with conspiring to import cocaine with the intent to distribute from approximately March 26, 1983, through April 11, 1983, in Volusia and Seminole Counties, Florida, and elsewhere.
3. Respondent conspired with others to arrange with Columbians to fly a plane to Columbia to pick up approximately 115 kilograms of cocaine hydrochloride. During various recorded meetings and telephone conversations between Respondent and undercover agents for the Drug Enforcement Administration, discussions were held concerning price, quantity, and arrangements for the importation of the illegal substance. Respondent acted as a principal in arranging for the purchase of the cocaine through Columbians and its subsequent transportation. Respondent was known to have participated in such illegal drug importing activities before this time. Respondent arranged for a pilot to make the flight on approximately April 9, 1983, to Columbia, South America, and back to the United States where it landed in Homerville, Georgia. Respondent and another co-conspirator met the aircraft. Respondent did assist in unloading approximately 115 kilograms of cocaine into an automobile on or about April 10, 1983, and transporting the automobile containing the cocaine from Georgia to his home in Volusia County, Florida. On the evening of approximately April 10, 1983, Respondent directed Mr. Kirk, an undercover agent acting as a buyer, to his home where Respondent participated with Mr. Kirk in finalizing arrangements for the sale and delivery of the drugs. Mr. Kirk took a sample of the drug that night and gave it to agent Hershey of the Drug Enforcement Administration. It later tested very positively for cocaine hydrochloride with the percentage in the 90’s. On April 11, 1985, Mr. Kirk returned to Respondent’s residence where the cocaine was weighed and then placed in the trunk of Mr. Kirk’s rental car by *2 the Respondent. Respondent drove the vehicle to the Holiday Inn in Sanfor, Florida. Mr. Kirk and a third individual followed in a separate vehicle. Shortly after arrival, Respondent and the other individual were arrested on the above noted charges.
4) Respondent knowingly imported at least 20 kilograms of cocaine hydrochloride, a controlled substance, into the United States and thereafter arranged for its sale, along with others.
5) Respondent’s above activities, as well as use of communication facilities to facilitate the intentional distribution of approximately 20 kilograms of cocaine hydrochloride constitute felonious acts under several sections of Title 21 of the United States Code as set forth in the indictment.
6) Respondent failed to appear for trial of either case in June, 1983, and August, 1983.
7) In September, 1983, Respondent was charged in a two count indictment in the United States District Court, Middle District of Florida, Case No. 83-81-CR-ORL-11, with wilful failure to appear for trial in June 27, 1983, for case 83-46-CR-ORL-11 and on August 29, 1983, for case 83-47-CR-ORL-ll.
8) Respondent’s present whereabouts continue to be unknown.
The referee recommends that respondent be found guilty of violation of Florida Bar Integration Rule, article XI, Rules 11.-02(3)(a) and (b) and Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(3), (4) and (6). The referee further recommends that respondent be disbarred from the practice of law in Florida for a minimum period of at least five years.
Having carefully reviewed the record, we approve the findings and recommendations of the referee.
Accordingly, respondent, Gerald E. Anderson, is hereby disbarred from the practice of law in the State of Florida, without leave to reapply for five years, effective immediately.
Judgment for costs in the amount of $1,788.62 is hereby entered against respondent, for which sum let execution issue. It is so ordered.
ADKINS, A.C.J., and OVERTON, MCDONALD, SHAW and BARKETT, JJ., concur.